39 So.2d 830

Succession of LEWIS.

No. 38765.

Feb. 14, 1949.

Rehearing Denied March 21, 1949.

Annie C. Lewis and Agnes E. Lewis, in pro. per., for plaintiffs and appellants.

PER CURIAM.

Petitioners, Misses Agnes E., Annie C., and Bessie Elizabeth Lewis, alleging that their grandmother, Mrs. Camilla Sauvinet Lewis, died on January 6, 1899, leaving a last will and testament in holographic form, dated May 19, 1882, prayed that this will be admitted to probate, and that one of the petitioners, Miss Agnes E. Lewis, be named and confirmed as testamentary executrix.

In this matter issue was not joined with any person, and these proceedings are strictly ex parte. The district judge refused to admit the will to probate, from which ruling petitioners have appealed to this court. We approve and adopt the trial judge's reasons for judgment, which we quote as follows:

"On December 3, 1946, Agnes E. Lewis, Annie C. Lewis and Bessie Elizabeth Lewis filed a petition asking for probate of the will of Mrs. Camilla Sauvinet Lewis, Wife of Major Theodore Lewis, alleging that said decedent died in New Orleans, where she had her domicile, on the 6th day of January, 1899. There is attached to the pleadings a photostatic copy of the alleged last will and testament of the decedent, dated New Orleans, Louisiana, May 19, 1882, made in the holographic form; which bears the paraph 'Ne Varietur' of F. A. Monroe, the then presiding Judge of Division 'C' of the Civil District Court for the Parish of Orleans.

"The Court finds that this will was duly probated, registered and executed and a judgment rendered placing the heirs of the decedent in possession on the 17th day of February, 1899, in cause entitled 'succession of Mrs. Camilla Sauvinet Lewis,' No. 58,526 of the docket of this Court.

"Since the records of the Civil District Court reflect the proper probate of this will and the judgment of the Court placing the heirs in possession, the relief sought by petitioners in this matter is denied. * * *"

For the reasons assigned, the judgment of the lower court is affirmed; appellants to pay all costs.

O'NIELL, C. J., does not take part.